UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

TREVIN NUNNALLY, SR.,

    Plaintiff,

v.                                                                            Case No. 3:18cv1424-MCR-CJK

ELIZABETH TIMOTHY, U.S.
MAGISTRATE JUDGE; JUDICIAL
CONFERENCE OF THE UNITED
STATES, PENSACOLA DIVISION;
and CHIEF JUSTICE OF THE
U.S. SUPREME COURT, AS OVERSEER
OVER JUDICIAL CONFERENCE OF
THE UNITED STATES, PENSACOLA
DIVISION,

    Defendants.
_____/

## ORDER and REPORT AND RECOMMENDATION

This matter is before the court on plaintiff's civil rights complaint filed pursuant to 42 U.S.C. § 1983 (doc. 1) and motion to proceed *in forma pauperis* (doc. 2). Plaintiff's motion to proceed *in forma pauperis* will be granted for the limited purpose of dismissing this suit.

Title 28 U.S.C. § 1915 mandates that the district court dismiss an *in forma pauperis* action if the court determines the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Upon review of the complaint, the undersigned finds it should be dismissed as malicious.

On page 3 of the civil rights complaint form, Section IV(B), Previous Lawsuits, is the following question: "Have you initiated other actions in **federal court** dealing with the same or similar facts/issues involved in this action?" (Doc. 1, p. 3). Where there are parenthetical areas to mark either a "Yes" or "No" answer to Question (B), plaintiff marked "No" and disclosed no cases. (*Id.*). On page 4 of the civil rights complaint form, Section IV(C), Previous Lawsuits, is the following question: "Have you initiated other actions (*besides those listed above in Questions (A) and (B)*)[1] in **either state or federal court** that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?" (Doc. 1, p. 4). Again, plaintiff responded "No" and disclosed

---

[1] Question (A) asked plaintiff whether he had initiated other actions in state court dealing with the same or similar facts/issues involved in the present action.

Case No. 3:18cv1424-MCR-CJK

no cases. (*Id.*). The following question also appears on page 4 the complaint form: "Have you ever had any actions in **federal court** dismissed as frivolous, malicious, failing to state a claim, or prior to service. Plaintiff responded "No" and disclosed no cases. At the end of the civil rights complaint form, plaintiff signed his name after the following statement: "**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT.**" (Doc. 1, p. 7). Thus, in effect, plaintiff stated that, at the time he filed his complaint, he had initiated no other action in federal court that dealt with similar facts or issues, had initiated no other action related to the fact or manner of his incarceration, and had never had a federal court case dismissed as frivolous, malicious, failure to state a claim, or prior to service.

As a matter of course, the court attempts to make an independent investigation into whether or not litigants truthfully complete the complaint forms, especially when a lack of candor in informing the court of prior lawsuits may affect the court's jurisdiction. In light of 28 U.S.C. § 1915(g),[2] the court must necessarily investigate

---

[2] Section 1915(g) provides that "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," the prisoner may not bring an action *in forma pauperis* unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

the prior filings of a prisoner to enforce the so-called "three strikes" provision. The information obtained from the disclosure requirements also helps the court evaluate whether the action is related to or should be considered in connection with another case or whether a holding in another case affects the current action. The time spent verifying the cases a plaintiff has filed but failed to identify, as well as the claims raised in those cases and their disposition, can be considerable.

The court may take judicial notice that, at the time plaintiff filed his complaint in this case, plaintiff had initiated at least 5 other civil actions that required disclosure: *Nunnally v. Judicial Branch of the Gov't of the U.S.*, 1:17cv346-UNA (civil rights complaint regarding fact of incarceration filed in the District of Columbia on February 27, 2017, and dismissed the same day for lack of jurisdiction); *Nunnally v. Admin. Office of the U.S. Courts*, 1:17cv972-UNA (civil rights complaint regarding fact of incarceration filed in the District of Columbia on May 23, 2017, and dismissed the same day for failure to state a claim); *Nunnally v. Judicial Conf. of the U.S. Chief Justice*, 1:17cv1736-UNA (civil rights complaint regarding fact of incarceration filed in the District of Columbia on August 21, 2017, and dismissed prior to service on October 5, 2017, for lack of jurisdiction and absolute immunity); *Nunnally v. Doe, et al.*, 1:17cv149-WLS (civil rights complaint regarding fact of incarceration filed in the Middle District of Georgia on August 7, 2017, and dismissed prior to service on

Case No. 3:18cv1424-MCR-CJK

January 2, 2018, for failure to comply with an order of the court); *Nunnally v. Elizabeth Timothy, U.S. Magistrate Judge and Chief Justice of the Judicial Conference of the U.S.*, 3:17cv761-LC-CJK (civil rights complaint regarding fact of incarceration filed on October 23, 2017, in the Northen District of Florida with a pending recommendation that the matter be dismissed prior to service for failure to state a claim and a subsequently filed motion for voluntary dismissal). Plaintiff did not disclose these cases despite the complaint form's clear instruction that he do so.

The court has the authority to control and manage matters such as this pending before it, and plaintiff's *pro se* status does not excuse him from conforming to acceptable standards in approaching the court. If the court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The court will not tolerate false responses or statements in any pleading or motion filed before it. Here, plaintiff falsely responded to questions on the complaint form, as detailed above. Plaintiff knew from reading the complaint form that disclosure of all prior civil cases was required. The complaint form expressly warns prisoners: "FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL."[3] (Doc. 1,

---

[3] Plaintiff did not indicate he was unsure about his litigation history.

p. 3). If plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. The court should not allow plaintiff's false responses to go unpunished. An appropriate sanction for plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this case without prejudice.

Accordingly, it is ORDERED as follows:

1. Plaintiff's motion to proceed *in forma pauperis* (doc. 2) is GRANTED for the limited purpose of dismissing this action.

2. The clerk of court shall assess plaintiff $137.59 as an initial partial filing fee as provided in 28 U.S.C. § 1915(b)(1)(A). This initial partial filing fee is based on the average monthly deposits into plaintiff's account during the 6 months preceding the filing of his motion. <u>The total filing fee in this case is $350.00</u>.

3. Plaintiff shall have **thirty (30) days** in which to submit the initial partial filing fee as assessed by the clerk of court. A check from a penal institution, a cashier's check, or a money order should be made payable to "Clerk, U.S. District Court." Personal checks directly from inmates will not be accepted. The following information shall either be included on the face of the check or money order or attached thereto:

(1) the full name of the prisoner;

    (2)    the prisoner's inmate number; and

    (3)    Northern District of Florida Case Number 3:18cv1424-MCR-CJK.

Checks or money orders which do not have this information will be returned to the penal institution or to plaintiff.

    4.    After payment of the initial partial filing fee, plaintiff is required to make monthly payments of 20 percent of the preceding month's income (that is, all funds deposited into his inmate account) <u>in each case he has filed in this court</u>.[4] The agency having custody of plaintiff shall forward payments from plaintiff's account to the clerk of court on a monthly basis each time the amount in the account exceeds $10.00. These payments shall continue <u>until the filing fee of $350.00 is paid in full in each case</u>.

    5.    The clerk of court shall MAIL a copy of this order with the appropriate cover letter to: FCI Texarkana, P.O. Box 7000, Texarkana, TX 75505-7000, Attention: Administrator of Inmate Accounts.

And it is respectfully RECOMMENDED:

    1.    That this action be DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as malicious.

    2.    That the clerk be directed to close the file.

---

[4] Thus, inmates who have filed more than one case may be required to make payments totaling 40%, 60%, 80% or even 100% of their monthly deposits.

Case No. 3:18cv1424-MCR-CJK

At Pensacola, Florida this 20th day of June, 2018.

*/s/ Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* U.S. Ct. of App. 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No. 3:18cv1424-MCR-CJK